IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IN RE SUBPOENAS SERVED ON
JORDAN SCHLOSSER.

OPINION and ORDER

26-mc-1-amb

---

The City of Springfield, Ohio, and several city officials and residents, have filed a civil lawsuit in the United States District Court for the Southern District of Ohio against The Blood Tribe, its leaders, and some of its members. *The City of Springfield, Ohio, et al. v. The Blood Tribe, et al.,* Case No. 25-cv-33-TMR-CHG (S.D. Ohio). Plaintiffs in the Ohio case allege that defendants belong to a neo-Nazi group that perpetrated a racist campaign against the city's Haitian community and, when plaintiffs expressed support for that community, defendants then harassed and intimidated plaintiffs. Plaintiffs contend defendants' activities were unlawful and assert federal civil rights claims and related state law claims against defendants. Dkt. 8-3.

Discovery has opened in the Ohio case, and plaintiffs have served two subpoenas on nonparty Jordan Schlosser, who resides in this district. The subpoenas commanded Schlosser to produce documents and to sit for a deposition in Eau Claire, Wisconsin, also within the district. Schlosser filed a motion to quash these subpoenas and for a protective order. Dkt. 1. In support, Schlosser argues that complying with the subpoenas would violate his First and Fifth Amendment rights, as well as the Federal Stored Communications Act, and that the requested document production would be overly broad and unduly burdensome. Dkt. 3.

The court stayed compliance and enforcement of the subpoenas pending resolution of the motion to quash and held a telephonic hearing on March 18, 2026.  Plaintiffs were represented by Attorney Mark Weiner.  Schlosser, who is representing himself, did not appear, nor did any defendant.  At the hearing, the court raised the possibility of transferring the motion to the Southern District of Ohio and set a deadline for written submissions.  For the following reasons, the court will transfer the motion.

LEGAL STANDARD

Subpoenas are governed by Federal Rule of Civil Procedure 45.  Fed. R. Civ. P. 45(d).  A subpoena must issue from the court where the action is pending.  *Id.*, sub. (a)(2).  But that court's district may not be the proper place of compliance for the subpoena.  *Id.*, sub. (c).  Rather, the rule provides limits on the places of compliance—*e.g.*, a subpoena generally may command a non-party to testify at a deposition and produce documents at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.  *Id.*, subs. (c)(1)(A) & (c)(2)(A).  A person who is served with a subpoena may object and file a motion to quash.  *Id.*, sub. (d)(3).  Any such motion must be filed in the court for the district where compliance is required.  *Id.*, sub. (d)(3)(A).

The court where compliance is required may transfer a subpoena-related motion to the issuing court if (1) the person subject to the subpoena consents or (2) the court finds "exceptional circumstances."  *Id.*, sub. (f).  A court "weighing transfer under Rule 45(f) must carefully balance the 'interest of the nonparty in obtaining local resolution of [a subpoena-related] motion' against the interest 'in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.'"  *In re Disposable Contact Lens Antitrust Litig.*, 306 F.

2

Supp. 3d 372, 375 (D.D.C. 2017) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).  Courts consider whether the transferee judge will be more familiar with the legal and factual issues at play, as well as the consequences that the motion to quash might have on the litigation.  *Id.* (quoting *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015)).

Once the discovery-related motion is resolved, the issuing court may transfer its order to the court where the motion was made for enforcement purposes.  Fed. R. Civ. P. 45(f).

ANALYSIS

Because Schlosser did not appear at the hearing, the court allowed the parties the opportunity to provide written submissions on the transfer question.  Dkt. 9.  Plaintiffs responded in favor of transfer based on exceptional circumstances.  Dkt. 10.  Schlosser opposes transfer, emphasizing that he lives in this district where compliance is required and has no stake in the Ohio case.  He argues that it would be overly burdensome to travel to Ohio, that his motion to quash is based on federal constitutional law this court is equally equipped to apply and presents facts distinct from those pending in Ohio, and that transfer risks unnecessary delay in resolving his motion to quash when this court has already reviewed the parties' briefing and held a telephonic hearing.

The court finds that this case presents exceptional circumstances warranting transfer. Schlosser expresses concern with traveling to Ohio, but there is no indication that he would be required to travel to Ohio to litigate his motion to quash.  It is possible the Ohio court will resolve the motion on the parties' written submissions.  Should the Ohio court hold a hearing, Schlosser may ask to appear remotely, which is a relatively common occurrence in federal court,

3

particularly on discovery motions.  Even if the Ohio court denies Schlosser's motion to quash, compliance with the subpoenas would still be in this district.

More importantly, the underlying case is proceeding in Ohio and involves alleged events occurring or being experienced by residents there.  This court has no familiarity with the underlying issues, making the Ohio court better suited to resolve discovery disputes concerning the parties' allegations.  And while the Ohio court is just as competent at applying federal law as this court, it is likely more familiar with Ohio state law, which is implicated in the underlying case.  The Ohio court is also in the process of resolving two other pending motions to quash subpoenas filed by other nonparties that raise the same or similar arguments as Schlosser does here.  *See The City of Springfield, Ohio, et al. v. The Blood Tribe, et al.,* Case No. 25-cv-33-TMR-CHG (S.D. Ohio), at Dkt. 57 and Dkt. 64.  Indeed, Schlosser's motion to quash is nearly identical to the motion to quash filed by nonparty Keith Elflein.  *Compare* Dkt. 1 *with* Dkt. 57 in Case No. 25-cv-33-TMR-CHG (S.D. Ohio).

Contrary to Schlosser's statement, this court hasn't invested significant time in resolving his motion, having merely reviewed the briefing and held a hearing that was cut significantly short without reaching the merits because Schlosser did not appear.  But should this court press forward with resolving his motion, it most certainly would duplicate the Ohio court's efforts and could possibly issue a ruling on Schlosser's motion that risks inconsistent results.  Resolving the three motions to quash together in the same court will ensure efficiency and consistency for the parties to the case and the subpoenaed nonparties.

ORDER

IT IS ORDERED that Interested Party Jordan Schlosser's motion to quash and for a protective order, Dkt. 1, is TRANSFERRED to the United States District Court for the Southern District of Ohio under Federal Rule of Civil Procedure 45(f).

Entered March 20, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge